CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAR 04 2020

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
DEPUTY CLERK

UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Court No. 4:20CV00016 |
| ) | |
| 420 RILEY FARM ROAD, AXTON, VA ) | |
| 24054 ) | |

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Now comes the plaintiff, United States of America, by and through its attorney, Krista Consiglio Frith, Assistant United States Attorney, and brings this Complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

NATURE OF THE ACTION

8. 1. This is a civil action *in rem* brought to forfeit and condemn certain real property assets to the use and benefit of the United States, pursuant to 21 U.S.C. § 881(a)(7), for violations of 21 U.S.C. §§ 841(a)(1) and 846 and pursuant to 18 U.S.C. § 981(a)(1)(A), for violations of 18 U.S.C. § 1957.

THE DEFENDANT *IN REM*

2. The defendant is real property is known and numbered as

    a) 420 Riley Farm Rd, Axton, VA 24054 with all appurtenances, improvements, and attachments thereon, including any and all single and double-wide homes and is more fully described in Attachment A. The record owner of the defendant real property is Jose Alfredo Santa Cruz Godinez.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. § 1355(b).

5. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1) because the acts giving rise to this forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

6. The defendant real property has not been seized but is located within this district and within the jurisdiction of the Court. The United States does not request authority from the Court to seize the defendant real property at this time. The United States will, as provided by 18 U.S.C. § 985(b)(1) and (c)(1):

   a. post notice of this action and a copy of the Complaint on the defendant real property, and

   b. serve notice of this action on the defendant real property owner, and any other person or entity who may claim an interest in the defendant, along with a copy of this Complaint, and

   c. file a lis pendens in county records of the defendant real property's status as a defendant in this *in rem* action.

## BASIS FOR FORFEITURE

7. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 853(a)(1), as property constituting, or derived from, proceeds obtained as a result of a violation of 21 U.S.C. § 841.

9. The defendant property is also subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) as property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1957.

FACTS

10. During the past three years, Special Agents of the United States Drug Enforcement Administration (DEA) Roanoke Resident Office (RRO) have investigated the cocaine and methamphetamine trafficking activities of Jose Alfredo Santa Cruz GODINEZ and others.

11. This investigation identified a criminal Drug Trafficking Organization (DTO) that was being supplied with multiple pound quantities of cocaine and methamphetamine by the Jalisco Cartel New Generation (CJNG) in Mexico for distribution in the Axton, Virginia, area. GODINEZ is an upper-level cocaine and methamphetamine dealer within the DTO.

12. GONDINEZ has outstanding federal warrants for distribution, possession with the intent to distribute, and conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and money laundering and conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956 and 1957.

13. On August 4, 2016, in Danville, Virginia, GODINEZ opened a Wells Fargo checking account number XXXXXX1268 with a $4,000 cash deposit. GODINEZ is the sole owner of the account.

14. GODINEZ used a Mexican Driver's license as a form of identification to open Wells Fargo checking account and listed his employment as a private horse trainer.

15. A review of the account from August 4, 2016, to December 14, 2017, showed GODINEZ funded the account primarily with cash deposits. There were eight cash deposits totaling $23,225 and two check deposits from Allstate Insurance Co totaling $6,577.07.

16. Despite his representation of employment to Wells Fargo, GODINEZ had no gainful employment during this time or any legal source of income. During this time, however, GODINEZ was selling large amounts of illegal drugs for cash. Therefore, the cash deposits are believed to be proceeds of GODINEZ's illegal drug distribution.

17. On May 8, 2017, GODINEZ contracted to purchase 420 Riley Farm Road, Axton, Virginia from JP Morgan Chase Bank, National Association for $33,000.

18. The settlement agent for all parties was Charles M. Aaron, PLC Attorney.

19. On May 8, 2017, GODINEZ provided Charles Aaron with two Western Union Money Orders for $500 each as earnest money.

20. On June 15, 2017, GODINEZ purchased a Cashier's Check # 6882101198 from Wells Fargo in the amount of $20,000.

21. Francisco GARCIA-ZUNIGA gifted GODINEZ the remaining $13,282.17 for the purchase, and on June 15, 2017, Francisco GARCIA-ZUNIGA purchased a bank check from Home Trust Bank for $13,282.17, made payable to Charles Aaron, PLC Attorney.

22. GARCIA-ZUNIGA is an associate of the DTO and regularly sends money orders to Mexico.

23. The bank account from which GARCIA-ZUNIGA sends money orders to Mexico contains mostly suspicious cash deposits.

24. All or substantially all of the money used to purchase 420 Riley Farm Road, Axton, Virginia, were the proceeds of illegal drug distribution and/or money laundering.

25. GODINEZ purchased 420 Riley Farm Road, Axton, Virginia—a monetary transaction—using criminally derived property of a value greater than $10,000 in violation of 18 U.S.C. § 1957.

26. These facts and additional facts are stated in the attached Declaration of Task Force Officer Christopher N. Young, DEA, and are incorporated by reference.

WHEREFORE, the United States of America prays that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant property to be condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

THOMAS T. CULLEN
United States Attorney

/s/Krista Consiglio Frith
Assistant United States Attorney
Virginia Bar No. 89088
310 First Street, S.W., Room 906
Roanoke, VA 24011
Phone: (540)857-2250
Fax: (540)857-2614
krista.frith@usdoj.gov

## VERIFICATION

I am a Task Force Officer with the Drug Enforcement Agency, and one of the officers assigned the responsibility for the above-captioned matter. I have read the contents of the foregoing Complaint for Forfeiture, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 4th day of March, 2020.

_____
Christopher N. Young
Task Force Officer, DEA


## Attachment A

The following described property located in Pittsylvania County, Virginia:

Fronting on the Northwest margin of State No. 849, Tunstall District, designated as Tract 4, Containing 5.155 Acres, as shown on Plat of survey for Herbert M. Kendall and Rachel E. Kendall prepared by Marvin E. Scearce, dated July 26, 1994, of Record in the Pittsylvania County Circuit Court Clerk's Office in Map Book 43, at Page 113M.

Property Address: 420 Riley Farm Rd, Axton, VA 24054

Parcel ID: 1440-75-1828

WESTERN DISTRICT OF VIRGINIA
ROANOKE, VIRGINIA

### AFFIDAVIT

I, Christopher N. Young, a Task Force officer with the Drug Enforcement Administration (DEA), Department of Justice, Roanoke, VA, being duly sworn, states as follows:

1. I have been a Task Force Officer with the United States Drug Enforcement Administration (DEA) since October 2008. I am currently assigned to Enforcement Group 25, Roanoke Resident Office (RRO), of the DEA Washington Division Office and have been employed by the Henry County Sheriff's Office for over 19 years. I have received training in all areas of narcotics investigations including search and seizure laws and statutes pertaining to enforcement of the Controlled Substances Act. Since becoming a DEA Task Force Officer in 2008, I have conducted and assisted other law enforcement officers in conducting numerous narcotics investigations that have resulted in the arrest and conviction of numerous individuals.

2. I am a law enforcement officer of the United States within the meaning of Title 18, United States Code, § 2510(7). I am, therefore, an officer of the United States who is empowered to conduct investigations of, and to make arrests for, the offenses enumerated in Title 21. I have conducted investigations into the unlawful possession, possession with the intent to distribute, distribution of controlled substances, and the associated conspiracies in violation of Title 21, United States Code, §§ 841(a)(1) and 846.

3. Based on my experience and training I am familiar with the methods, operations, and schemes commonly used by individuals involved in the violations of the federal controlled substances and narcotics statutes.

### FACTS AND CIRCUMSTANCES

4. The statements in this affidavit are based in part on information provided by members of other law enforcement agencies and on my own experience and background as a Task Force

1

Officer of the DEA. Since this affidavit is being submitted for the limited purpose of a civil forfeiture complaint, I have not included each and every fact known to me concerning the investigation set forth in this affidavit. I have set forth only the facts that I believe are necessary to establish probable cause that the property and residence thereof, identified as **420 Riley Farm Road, Axton, Virginia** was purchased by the property owner, Jose Alfredo Santa Cruz GODINEZ utilizing funds from distribution, possession with the intent to distribute, and conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and money laundering and conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956 and 1957.

5. At the time of the writing of this affidavit, GODINEZ has outstanding Federal warrants for distribution, possession with the intent to distribute, and conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and money laundering and conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956 and 1957.

## THE INVESTIGATION

6. During the past three years, Special Agents of the DEA RRO have conducted an investigation of cocaine and methamphetamine trafficking activities of Jose Alfredo Santa Cruz GODINEZ and others. This investigation identified Jose Alfredo Santa Cruz GODINEZ as an upper-level cocaine and methamphetamine dealer who was a member of a criminal organization that was being supplied with multiple pound quantities of the drugs by the Jalisco Cartel New Generation (CJNG) in Mexico. The investigation has revealed that members of the organization actively participated in trafficking of multiple pound quantities of methamphetamine and cocaine in the Axton, Virginia area. The members of the organization contacted GODINEZ' Drug Trafficking Organization (DTO) to arrange for the purchase of cocaine and methamphetamine to be picked up by members of the organization in the Axton, Virginia area. Based on investigative results as set forth hereafter, there is probable cause to believe that GODINEZ' DTO personally

2

purchased the property and residence thereof, identified as **420 Riley Farm Road, Axton, Virginia,** with proceeds from distribution, possession with the intent to distribute, and conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and money laundering and conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956 and 1957.

7. On August 4, 2016, GODINEZ opened a Wells Fargo checking account number XXXXXX1268 with a $4,000 cash deposit. A review of the account opening documents including the account signature card disclosed that GODINEZ opened the account in Danville VA and is the sole owner of the account. GODINEZ used a Mexican Driver's license as a form of identification to open the account and listed his employment as a private horse trainer.

8. A review of the account from August 4, 2016 to December 14, 2017 was performed and disclosed that GODINEZ funded the account primarily with cash deposits. There were eight cash deposits totaling $23,225 and two check deposits from Allstate Insurance Co totaling $6,577.07. The cash deposits are believed to be from the proceeds of GODINEZ's illegal drug distribution. Despite his representation of employment to Wells Fargo, GODINEZ had no gainful employment during this time. He also had no legal source of income. During this time, he was, however, selling large amounts of illegal drugs for cash. Total withdraws from the account were $24,010. These transactions funded the wire transfer of $4,000 on August 8, 2016 to Cavaletti Equine Logistics LLC and the purchase of a $20,000 Cashiers Check #6882101198 from Wells Fargo. The Cashiers Check was then used to purchase **420 Riley Farm Road, Axton, VA**. There was no further activity in the account other than withdrawals for small purchases from third parties for personal expenditures. As of March 26, 2018 the account had a negative balance of $154.84.

9. On June 15, 2017, GODINEZ purchased **420 Riley Farm Road, Axton, VA** for $33,000. Godinez purchased a $20,000 Cashiers Check from Wells Fargo Bank and Francisco GARCIA-ZUNIGA gifted GODINEZ $13,000 to purchase **420 Riley Farm Road, Axton, VA**. Also on June 15, 2017, Francisco GARCIA-ZUNIGA purchased a bank check from Home Trust Bank for $13,282.17, the check was made payable to Charles Aaron, PLC Attorney.

10. On May 8, 2017, GODINEZ contracted to purchase **420 Riley Farm Road, Axton, VA** from JP Morgan Chase Bank, National Association for $33,000. JP Morgan Chase was represented by Southern Virginia Properties, the salesperson was Angeline Ancheta. The settlement agent for all parties was Charles M. Aaron, PLC Attorney. Also on 5/8/2017, GODINEZ provided Charles Aaron with two Western Union Money Orders for $500 each as earnest money. On June 15, 2017, GODINEZ purchased a Cashier's Check # 6882101198 from Wells Fargo in the amount of $20,000. Francisco GARCIA-ZUNIGA gifted GODINEZ the remaining $13,000 for the purchase. Settlement was made on the property on June 15, 2017. Pursuant to the HUD-1 Settlement Statement the final balance was $33,277.17. The funds were wired transferred to JP Morgan Chase for the purchase of **420 Riley Farm Road, Axton, VA** (Documents attached).

## CONCLUSION

11. Based on the foregoing facts and circumstances, it is my belief that the property located at **420 Riley Farm Road, Axton, Virginia**, (Parcel ID # 1440-75-1828) is owned by Jose Alfredo Santa Cruz GODINEZ, and the funds used to purchase this property were the proceeds from GODINEZ's drug trafficking activity. Additionally, because the transaction was greater than $10,000, there is probable cause to believe the purchase of 420 Riley Farm Road, Axton, Virginia was a violation of Title 18, U.S.C. Section 1957. Therefore, the specified

residence is subject to forfeiture to the United States pursuant to Title 21 United States Code, Sections 981(a)(1)(A) and 981(a)(1)(B).

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this ___4th___ day of March 2020.

                                                                   Christopher Young
Task Force Officer
Drug Enforcement Administration
Roanoke, Virginia

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States

## DEFENDANTS
420 Riley Farm Road, Axton, VA 24054

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Krista Consiglio Frith, USAO

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☒ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending |  | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation |  | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property |  | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights |  |  |  |
|  | / ☐ 555 Prison Condition |  |  |  |
|  | / ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. 881 & 18 U.S.C. 981
Brief description of cause:
Civil Forfeiture

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 03/04/2020

SIGNATURE OF ATTORNEY OF RECORD
s/Krista Consiglio Frith

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____